UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAYEH DOV,

                Petitioner,

    -against-

WARDEN,

                Respondent.

21-CV-8570 (LTS)

ORDER DIRECTING ORIGINAL SIGNATURE AND PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is proceeding *pro se*, brings this petition for a writ of *habeas corpus*.

    Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Furthermore, to proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Petitioner submitted the petition without a signature and without the filing fee or an IFP application. Within thirty days of the date of this order, Petitioner must: (1) resubmit the signature page of the petition with an original signature; and (2) either pay the $5.00 filing fee or complete and submit the attached IFP application. A copy of the signature page of the petition and an IFP application are attached to this order. If Petitioner submits the signature page and IFP application, they should be labeled with docket number 21-CV-8570. If the Court grants the IFP

application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   October 21, 2021
         New York, New York

                                       /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                   Chief United States District Judge